# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LISA DEOSARAN, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | **Jury Trial Demanded** |
| ACE CASH EXPRESS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

LISA DEOSARAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ACE CASH EXPRESS, INC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Arlington, Texas 76010.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 1231 Greenway Drive, Suite 600, Irving, Texas 75038.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning sometime in the year 2015 and continuing thereafter, Defendant began to contact Plaintiff by calling her cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. Plaintiff knew that Defendant was using an automated dialing system to call her because she received calls that would begin with a pre-recorded voice or message from Defendant before speaking to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged account balance.

16. Desiring to stop the repeated calls, Plaintiff spoke with Defendant in or around the month of July or August 2015 and revoked any consent that Defendant may have had to contact her.

17. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. Defendant ignored Plaintiff's frequent requests to cease calling her and continued to call Plaintiff multiple times each day through October 2016.

19. It was frustrating and annoying for Plaintiff to continue receiving these excessive calls from Defendant.

20. Finally, she took necessary measures to block calls from Defendant's phone numbers in order to get the calls to stop.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22.  Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.  Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24.  Defendant's calls to Plaintiff were not made for emergency purposes.

25.  Defendant's calls to Plaintiff, on and after July or August 2015, were not made with Plaintiff's prior express consent.

26.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27.  The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28.  As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, LISA DEOSARAN, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LISA DEOSARAN, demands a jury trial in this case.

Respectfully submitted,

DATED: October 6, 2016

By: /s/ Amy L. Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Email: aginsburg@creditlaw.com
Attorney for Plaintiff